IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE R. WILLIAMS, Individually and as Administrator of the Estate of Skylar Williams<br><br>Plaintiff,<br><br>v.<br><br>CLERAC, LLC d/b/a ENTERPRISE RENT-A-CAR, EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT-A-CAR, ENTERPRISE HOLDINGS, INC., and JOHN DOE (s)<br><br>Defendants. | Case No. |

**DEFENDANTS CLERAC, LLC, EAN HOLDINGS, LLC, AND ENTERPRISE HOLDINGS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants CLERAC, LLC d/b/a Enterprise Rent-A-Car, EAN HOLDINGS, LLC d/b/a Enterprise Rent-A-Car, and Enterprise Holdings, Inc., collectively "Defendants," hereby give notice of their removal of the civil action titled *Ernestine R. Williams v. CLERAC, LLC d/b/a Enterprise Rent-A-Car; EAN HOLDINGS, LLC d/b/a Enterprise Rent-A-Car; ENTERPRISE HOLDINGS, INC.; and JOHN DOE (s)*, Case No. 21-cv-61 in the Court of Common Pleas, Richland County, Ohio, Civil Division ("State Court Action"), to the United States District Court for the Northern District of Ohio, Eastern Division. Defendants state the following in support:

**A.    Diversity of Citizenship**

  1.    Plaintiff is a citizen of Ohio.  *See* Compl. ¶ 1.[1]

---

[1] The caption of Plaintiff's Complaint lists Plaintiff's address as 1574 Windsor Road, Mansfield, OH 44905.

1

2. CLERAC, LLC d/b/a Enterprise Rent-A-Car ("CLERAC") is a Delaware limited liability company whose sole member is Enterprise Holdings, Inc.[2] Enterprise Holdings, Inc. is a Missouri corporation with its principal place of business in Clayton, Missouri. Thus, CLERAC is a citizen of Missouri for purposes of diversity.

3. EAN HOLDINGS, LLC d/b/a Enterprise Rent-A-Car ("EAN Holdings") is a Delaware limited liability company whose sole member is Enterprise Holdings, Inc. Enterprise Holdings, Inc. is a Missouri corporation with its principal place of business in Clayton, Missouri. EAN Holdings is a citizen of Missouri for purposes of diversity.

4. Enterprise Holdings, Inc. ("Enterprise") is a Missouri corporation with its principal place of business in Clayton, Missouri, and is a citizen of Missouri for purposes of diversity.

5. Plaintiff's Complaint also names an unspecified number of fictitious "Doe" defendants. The citizenship of these fictitious individuals and entities are disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

6. Accordingly, there is complete diversity of citizenship between Plaintiff and all named defendants.

**B. The Amount in Controversy is Satisfied**

7. The amount in controversy requirement for diversity jurisdiction is met in this case because a fair reading of the complaint shows that it is more likely than not that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §

---

[2] For purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that jurisdictional allegations identifying an LLC's state of incorporation and principal place of business were deficient because the relevant inquiry for diversity purposes is the citizenship of an LLC's members).

1332(a); *see also Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) ("A court must conduct a 'fair reading' of the allegations in the complaint to determine the amount in controversy.")

8. Here it is evident based on a fair reading of Plaintiff's Complaint that the matter in controversy exceeds $75,000. Plaintiff's Complaint alleges both survivorship and wrongful death claims against Defendants. *See* Compl. ¶¶ 1-29. Courts routinely hold that such claims satisfy the amount-in-controversy requirements. *See, e.g., Wolfe v. Lincoln Gen. Ins. Co.*, No. C2-01-660, 2002 WL 484638, at *2 (S.D. Ohio Mar. 18, 2002) (holding that declaratory judgment action for personal injury and wrongful death claim exceeded amount of controversy requirement because it was "probable that the value of such claims…exceeds $75,000."); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) ("It is facially apparent that the claims in this case—claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses—did exceed $50,000 at the time of removal."), *cited with approval in Halsey v. AGCO Corp.*, 755 F. App'x 524, 529 (6th Cir. 2018).

9. Accordingly, while Defendants dispute that they are liable to Plaintiff for damages in any amount, Plaintiff has clearly alleged more than the jurisdictional threshold of $75,000.01 exclusive of interests and costs.

**C.    EAN Holdings Has Satisfied the Procedural Requirements for Removal**

10. This removal is timely filed pursuant to 28 U.S.C. § 1446(b). CLERAC and EAN Holdings were served on February 11, 2021, less than 30 days from the date of the filing of the instant notice of removal. *See* **Exhibit A** at 15 (listing tracking numbers). Enterprise was served on February 19, 2021, less than 30 days from the date of the filing of the instant notice of removal. *See id.*

11. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action are attached as **Exhibit A**.

12. Pursuant to 28 U.S.C. § 1446(b), all properly joined and served defendants have consented to removal of this case. The consent of nominal, unknown, or "doe" defendants is not required for removal. *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 973 n.4 (S.D. Ohio 2003) (explaining exception to the general rule that all defendants consent to removal when "the non-joining defendant is merely a nominal or formal party.").

13. The Court of Common Pleas of Richland County, Ohio, where the State Court Action is pending, is located within the United States District Court for the Northern District of Ohio. Venue is thus proper pursuant to 28 U.S.C. § 105(a), because this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 91.

14. No previous application has been made for the relief requested herein.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court of Common Pleas of Richland County, Ohio, where the State Court Action is pending.

16. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of *forum non conveniens*.

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas of Richland County, Ohio, to the United States District Court for the Northern District of Ohio

Dated: March 11, 2021.

        Respectfully submitted,

        /s/ *Mark K. Norris*
        Michael L. Snyder (0040990)
        Jerome W. Cook (0036835)
        Mark K. Norris (0092222)
        **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
        200 Public Square, Suite 2300
        Cleveland, Ohio 44114
        Telephone: (216) 363-4500
        Facsimile: (216) 363-4588
        msnyder@beneschlaw.com
        jcook@beneschlaw.com
        mnorris@benschlaw.com

        *and*

        Bettina J. Strauss, Esq.
        James P. Emanuel, Esq.
        (to be admitted *pro hac vice*)
        **BRYAN CAVE LEIGHTON PAISNER LLP**
        211 North Broadway, Suite 3600
        St. Louis, MO  63102-2750
        (314) 259-2000
        (314) 259-2020 (facsimile)
        bjstrauss@bclplaw.com
        james.emanuel@bclplaw.com

        *Attorneys for Defendants CLERAC, LLC d/b/a Enterprise Rent-A-Car, EAN HOLDINGS, LLC d/b/a Enterprise Rent-A-Car, and Enterprise Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Mark K. Norris*