IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE R. WILLIAMS, Individually and as Administrator of the Estate of Skylar Williams<br><br>Plaintiff,<br><br>v.<br><br>CLERAC, LLC d/b/a ENTERPRISE RENT-A-CAR, EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT-A-CAR, ENTERPRISE HOLDINGS, INC., and JOHN DOE (s)<br><br>Defendants. | Case No. 1:21-cv-572<br><br>Judge Dan A. Polster<br><br>Magistrate Judge Jonathan D. Greenberg |

**DEFENDANTS CLERAC, LLC, EAN HOLDINGS, LLC, AND ENTERPRISE HOLDINGS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND <u>MEMORANDUM IN SUPPORT</u>**

**I.    INTRODUCTION**

Plaintiff's Complaint fails to meet the pleading standards under the Federal Rules of Civil Procedure. While the Complaint seeks to hold third parties liable for the intentional murder of Skylar Williams by Ty'Rell Pounds, it pleads no legal or factual basis that would support such liability. Rather, the Complaint asserts two counts—one for wrongful death, another for survivorship—but fails to specify the legal theories upon which those counts would rest. That is, the Complaint does not plead the elements of a recognized cause of action required to support either count. Further, the Complaint fails to allege facts that would support the elements of Plaintiff's unknown legal theories, instead couching all allegations in a rote and conclusory fashion devoid of any factual support. The Complaint also improperly comingles allegations against three separate defendants, lumping all defendants together under the single phrase "Enterprise" or "Enterprise

1

Rent-A-Car." Under these circumstances, the Complaint fails to state a claim upon which relief can be granted, and is so ambiguous that there is no way for Defendants to fashion an appropriate response. The Complaint should be dismissed for failure to state a claim or, in the alternative, Plaintiff should be required to amend the Complaint and file a more definite statement.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Rule 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555, (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,' " and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III. ARGUMENT

#### A. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT ALLEGES NO LEGAL THEORIES OR FACTS TO SUPPORT LEGAL THEORIES

Plaintiff's Complaint should be dismissed because it pleads no legal or factual bases that would entitle Plaintiff to relief. Inasmuch as this case involves a criminal act by a third-party who was not working at the time of his crimes, Plaintiff must show some reasonable basis to seek to hold other parties liable. *See Cooke v. Montgomery Cty.*, 2004-Ohio-3780, ¶ 37, 158 Ohio App. 3d 139, 147, 814 N.E.2d 505, 511 (affirming grant of employer's motion to dismiss where employee with prior abduction charge murdered his abductee and two others on a day when he was scheduled to work because the Complaint did "not indicate that [employee] was acting within the scope of his employment at the time of the alleged crimes" or that the employer "had actual or constructive knowledge that [employee] would commit murder."). Plaintiff's Complaint shows no such basis, and instead fails entirely to plead legal or factual elements that would entitle Plaintiff to relief.

As an initial matter, the Complaint does not specify the legal theories upon which Plaintiff's two counts rest. The Complaint contains two counts—one for wrongful death, and another for survivorship. However, "'[w]rongful death' and 'survivorship' are not claims for relief, as such, but are statutory actions by which certain claims for relief may be brought." *Monnin v. Fifth Third Bank of Miami Valley, N.A.*, 103 Ohio App. 3d 213, 227, 658 N.E.2d 1140, 1149 (1995). Accordingly, "[u]nder Ohio law, "a wrongful death claim must be predicated upon a separate tort." *Peters v. DCL Med. Labs. LLC*, 305 F. Supp. 3d 799, 814 (S.D. Ohio 2018); *Smith v. United States*, No. 3:95CV445, 2012 WL 1453570, at *45 (S.D. Ohio Apr. 26, 2012) ("a wrongful death claim

3

must be predicated upon a separate tort."); *Beyoglides v. Montgomery Cty. Sheriff*, No. 3:14-CV-158, 2016 WL 8669789, at *1 (S.D. Ohio Aug. 12, 2016) (same).[1]

Plaintiff's Complaint does not specify the separate tort upon which the two counts are predicated, leaving Defendants and the Court to speculate regarding exactly what legal theories Plaintiff asserts. Without stating the legal theories upon which the Plaintiff's claims rest, the Complaint amounts to no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," which cannot survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544).

The Complaint fails to allege factual allegations against Defendants that would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Instead, it is entirely unclear exactly what conduct Plaintiff alleges against *the Defendants* that would entitle Plaintiff to any relief for the kidnapping and murder committed by Ty'Rell Pounds. This is because Plaintiff couches each factual allegation against Defendants in a conclusory and formulaic fashion. For example, Plaintiff pleads:

> 17. Any failure to learn about the dangerous propensity of its employee was due to Defendant Enterprise Rent-A-Car's negligent training of the store managers, John Doe and/or Jane Roe at the Mansfield location.

*See* Compl. at ¶ 17. These allegations lump together all defendants, without specifying each defendant's conduct, and fail to even provide basic factual background regarding exactly what activity constituted the alleged negligence, when and where that activity occurred, and who was

---

[1] The same is true of a survivorship claim. *See Biehl v. B.E.T., Ltd.*, No. 2:15-CV-2879, 2018 WL 684646, at *10 (S.D. Ohio Feb. 2, 2018), aff'd, No. 18-3201, 2018 WL 7502930 (6th Cir. Oct. 17, 2018) ("a survivorship claim is derivative of the principal claims in a complaint. This means that Plaintiff's claim for survivorship is for damages resulting from Defendants' actions as alleged in Plaintiff's other counts. Put another way, the claim for survivorship remains only so long as any of the underlying principal claims in the Complaint remain.").

involved. Such "[c]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is [sic] not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the Iqbal/Twombly standard." *Hall v. Madison Police Dep't*, No. 1:18-CV-01999, 2018 WL 5775914, at *1 (N.D. Ohio Nov. 2, 2018) (quoting *Kurek v. Ohio Dep't of Dev. Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D. Ohio Western Division). Moreover, the Complaint fails to state what, if any, duty the Defendants owed to the decedent, instead stating only that "Enterprise Rent-A-Car had a duty to take appropriate measures once it learned of the dangerous propensity of its employee." *Id*. at 15. Such allegations amount to no more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" and are insufficient to state a claim under the Federal Rules of Civil Procedure." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**B. ALTERNATIVELY, THE COURT SHOULD REQUIRE PLAINTIFF TO AMEND THE COMPLAINT AND FILE A MORE DEFINITE STATEMENT**

Alternatively, the Court should grant Defendants' motion for more definite statement under Fed. R. Civ. P. 12(e) and order Plaintiff to file a more definite statement, consistent with federal pleading requirements. A motion for more definite statement is properly granted "[w]here a pleading is so ambiguous that the responding party is incapable of fashioning an appropriate response." *Ortiz v. Ocwen Loan Servicing*, LLC, No. 3: 14 CV 1050, 2014 WL 5037209, at *3 (N.D. Ohio Oct. 8, 2014) (granting motion for more definite statement where different legal claims and theories were intertwined, making the Complaint "ambiguous and in need of revision to reflect a concise and orderly pleading."). Here, as explained above, Plaintiff's combined claims are improper, devoid of factual support, and render the Complaint so ambiguous that Defendants cannot fashion an appropriate response. *Id*. Accordingly, to the extent Plaintiff's Complaint is not

5

dismissed, the Court should enter an order requiring Plaintiff to file a more definite statement consistent with federal pleading requirements. *Id.*

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, issue an order requiring Plaintiff to file an Amended Complaint pursuant to Fed. R. Civ. P. 12(e).

Dated: March 18, 2021.

                            Respectfully submitted,

                            /s/ *Mark K. Norris*
                            Michael L. Snyder (0040990)
                            Jerome W. Cook (0036835)
                            Mark K. Norris (0092222)
                            **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
                            200 Public Square, Suite 2300
                            Cleveland, Ohio 44114
                            Telephone: (216) 363-4500
                            Facsimile: (216) 363-4588
                            msnyder@beneschlaw.com
                            jcook@beneschlaw.com
                            mnorris@benschlaw.com

                            Bettina J. Strauss, Esq.
                            James P. Emanuel, Esq.
                            (to be admitted *pro hac vice*)
                            **BRYAN CAVE LEIGHTON PAISNER LLP**
                            211 North Broadway, Suite 3600
                            St. Louis, MO  63102-2750
                            (314) 259-2000
                            (314) 259-2020 (facsimile)
                            bjstrauss@bclplaw.com
                            james.emanuel@bclplaw.com

*Attorneys for Defendants CLERAC, LLC d/b/a Enterprise Rent-A-Car, EAN HOLDINGS, LLC d/b/a Enterprise Rent-A-Car, and Enterprise Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2021, a copy of the foregoing Defendants CLERAC, LLC, EAN Holdings, LLC, and Enterprise Holdings, Inc.'s Motion to Dismiss for Failure to State a Claim, or in the Alternative, for a More Definite Statement and Memorandum in Support was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Mark K. Norris*