IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERNESTINE R. WILLIAMS,** **Individually and as Administrator of** **the Estate of Skylar Williams,** | ) ) ) | **CASE NO.: 1:21-CV-572** |
| **Plaintiff,** | ) ) ) | **JUDGE DAN A. POLSTER** |
| **v.** | ) ) | |
| **CLERAC, LLC, ET AL,** | ) ) ) | **OPINION AND ORDER** |
| **Defendants.** | ) | |

Before the Court is Defendants Clerac, LLC and Enterprise Holdings, Inc.'s Motion to Dismiss for Failure to State a Claim. ECF Doc. 11. For the following reasons, Defendants' Motion is **DENIED**.

## I.    BACKGROUND

This is a removal case from the Richland County Court of Common Pleas. ECF Doc. 1-1. On June 24, 2021, Plaintiff Ernestine Williams, as the administrator of the estate of Skylar Williams, filed an amended complaint against Defendants for negligent supervision and retention, negligent training of employees, negligent entrustment, negligent infliction of emotional distress, vicarious liability, and wrongful death and survival claims that survive such death. ECF Doc. 11. The amended complaint alleges that Ms. Williams was abducted from The Ohio State University campus and subsequently killed by an employee of Defendant Clerac, LLC (hereafter referred to as "Enterprise-Rent-A-Car") and/or Enterprise Holdings, Ty'Rell Pounds, using two rental cars provided to him by that defendant for the purposes of performing his job or as a benefit of such employment. *Id.* ¶¶ 22-24. Pounds' job function was to transport and drive rental vehicles. *Id*. ¶ 12. On the day of the incident, Pounds used the first rental car to stalk and abduct Ms.

1

Williams. *Id*. ¶¶ 22-24. After abducting Ms. Williams, Pounds took her to his job location, switched vehicles, and then eventually shot her to death in the second rental vehicle. *Id*. The amended complaint further alleges that Defendant Enterprise-Rent-A-Car and/or Enterprise Holdings were put on notice at least twice about Pounds stalking Ms. Williams in its rental cars prior to Ms. Williams' death but failed to revoke Pounds' access to its vehicle while on the job. *Id.* ¶¶ 13-16, 19-21.

On July 8, 2021, Defendants filed a motion to dismiss for failure to state a claim. ECF Doc. 11. On August 9, 2021, Plaintiff filed a response in opposition to Defendants' Motion. ECF Doc. 12. Defendants filed a reply on August 23, 2021. ECF Doc. 13.

## II.    DISCUSSION

"On a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (other citations and quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted, a plaintiff must first comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (other citations and quotation marks omitted). Further, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

In deciding whether dismissal is appropriate, "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Defendants' Motion rests on two key contentions: that Pounds was not working on the day of the murder and that he did not have either Enterprise vehicle by virtue of his job. ECF Doc. 11 at 2, 6. Defendants contend that Pounds rented the first vehicle and stole the second vehicle from his roommate after holding him at gunpoint. *Id*. Plaintiff, however, has made drastically opposite contentions in the amended complaint. Plaintiff alleges that Pounds was at work on the day of the incident, and that he obtained both vehicles by virtue of his job duties. Specifically, Plaintiff pled that:

> On the morning of February 11, 2019, Pounds stalked Skylar onto the Ohio State University campus using a rental vehicle provided to him by the Enterprise Rent-A-Car Store for the purpose of performing his job or as a benefit of such employment.
>
> Pounds then moved in on her undetected and forced her into the rental vehicle at gunpoint, after which Pounds took her to the Enterprise Rent-A-Car Store, where his car was parked.
>
> Pounds eventually obtained another rental vehicle from the Enterprise Rent-A-Car Store and forced her yet again into that car after driving back to his apartment. Pounds shot Skylar Williams to death when police caught up to him. Pounds was then killed in the ensuing shootout with police. ECF Doc. ¶¶ 22-24.

Drawing all reasonable inferences in favor of Plaintiff, and accepting all factual allegations as true, the Court finds that the facts alleged in the amended complaint are enough to state a viable claim under the alleged theories. Indeed, if Pounds was on duty on the day of the incident and was using one or both rental vehicles to perform his job, after Enterprise has received multiple notices of Pounds' improper usage of Enterprise vehicles, then Plaintiff may be able to prove that Enterprise is liable. While the Defendants contend that such allegations are not true, the Court is confined to a review of the complaint at this stage and cannot grant a motion to dismiss based on disbelief of Plaintiff's allegations. *See Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d

1236, 1240 (6th Cir. 1993) ("A judge may not grant a Fed. R. Civ. P. 12 (b)(6) motion to dismiss based on disbelief of a complaint's factual allegations"). It is black letter law that material factual disputes cannot be resolved at the 12(b)(6) stage but only by way of a Rule 56 motion following discovery.

### III.    CONCLUSION

For the above reasons, Defendants' Motion to Dismiss for failure to state a claim, ECF Doc. 11, is **DENIED**. Defendants shall file an answer to Plaintiff's amended complaint **no later than September 10, 2021, at 4 pm EST**.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster August 30, 2021*
**Dan Aaron Polster**
**United States District Judge**

4